## Iscovitz's Estate

*Gabriel D. Weiss* and *Charles S. Schermer*, for exceptant.

*Alexander Fried* and *Clinton A. Sowers*, contra.

VAN DUSEN, J., January 11, 1935.—The guardian paid the money of the ward to Central Trust and Savings Company and took from it a receipt dated March 15, 1926, called a "trust agreement deposit", whereby the trust company agreed that the money was "to be invested by us for account of [the guardian] for a period of 6 years and — months in a mortgage or mortgages to be a first lien on real estate in the City of Philadelphia, State of Pennsylvania, bearing interest at not less than 5 percent per annum." The trust company stipulated that it might invest at a greater rate than 5 percent and retain as its compensation the excess, and it agreed at the expiration of the period to purchase the holder's interest in the mortgage in which the holder's funds should be invested for the amount invested therein, plus unpaid interest at 5 percent. The agreement was renewable for successive periods of 6 years in default of 30 days' notice by the holder, and the trust company reserved the right to pay off the certificate at the expiration of the period.

At the time of this transaction, the statute in force regulating investments by fiduciaries was section 41 (*a*) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of June 29, 1923, P. L. 955. This act permitted investments "in bonds of one or more individuals secured by mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders."

The radical flaw in the so-called investment which was made by the guardian is that the mortgages in which he purports to invest are not of his selection. He puts the trust money into the hands of another person, with authority to select the mortgages and to change the same from time to time. At no time does he have any control over the identity of the investments, and he does not even know what they are. While the fiduciary may invest in an issue of bonds secured by the trust mortgage, it is his duty to select the issue himself. This is a duty which he cannot delegate. Cases are cited on behalf of the guardian in which it is held that a fiduciary is not responsible for the acts of agents who perform ministerial duties and who are selected with care, for example, the purchase through a broker of securities selected by the trustee: Law's Estate, 144 Pa. 499. The purchase is a ministerial act; but the selection of the securities is not. It is no concern, therefore, whether the trust company actually had on hand mortgages earmarked for this and other certificate holders which would be prudent investments for fiduciaries.

The Act of April 26, 1929, P. L. 817, 819, permitted the investment "in trust certificates, issued by a trust company organized under the laws of this Commonwealth, certifying that the holders thereof are respectively the owners of undivided interests in deposits, with such trust company, of securities in which trust funds may be invested under the preceding provisions of this clause." Under this act, as under the Act of 1923, the trustee must select the securities in which the trust funds are to be invested and not leave selec-

tion and change to the trust company. The Act of 1929 authorizes only a different method of holding title, not a delegation of selection. Whether the Act of 1929 has the effect of confirming investments already made which comply with its terms, we will decide when it is necessary to do so: See Iredell's Estate, xci L. I. 2505.

The auditing judge was correct in imposing the surcharges. The exceptions are dismissed, and the adjudication is confirmed absolutely.